PEARSON, MJ.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Linda S. Blevens, | ) | CASE NO. 1:08CV762 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| | ) | MAGISTRATE JUDGE PEARSON |
| v. | ) | |
| | ) | |
| Michael J. Astrue, | ) | |
| Commissioner of Social Security, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendant. | ) | |

### Introduction

Plaintiff Linda S. Blevens sought judicial review of the Social Security Administration's (the "Agency") final decision denying her applications for Supplemental Security Income and Disability Insurance Benefits (collectively "benefits"). The matter was referred to the undersigned for the submission of a Report and Recommendation, pursuant to Local Rule 72.2 and General Order 2008-17.

Finding that the ALJ failed to evaluate Plaintiff's subjective complaints of pain according to proper legal standards and also that the ALJ failed to provide good reasons for discrediting the opinions of Plaintiff's treating physicians, the undersigned recommends that the Agency decision be reversed and the matter remanded pursuant to the Fourth Sentence of 42 U.S.C. § 405(g).

(1:08CV762)

## I. Overview

Plaintiff Linda S. Blevens ("Plaintiff") was 47 years old at the time of the hearing before the ALJ. Plaintiff earned a GED and has previously worked as a press operator and a janitor. (Tr. 91, 96.)

Plaintiff's initial application for benefits rested on the ailments of lumbar facet syndrome, back, left leg, bilateral hip and hand problems, elbow arthritis, neck injury, and depression with an alleged onset date of August 6, 2003. The ALJ found that Plaintiff suffers from the following severe impairments: "degenerative disc disease, fibromyalgia, chronic pain syndrome, and a history of pot and alcohol abuse." (Tr. 16.) The ALJ did not consider Plaintiff's sleep apnea to be a severe impairment. (Tr. 16.)

After examining the record and consulting with Vocational Expert, Ronald Kendrick, the ALJ concluded that Plaintiff had the residual functional capacity for light work and, therefore, was not disabled. (Tr. 21-22.)

For reasons detailed below, the ALJ's decision should be reversed and remanded.

## II. Procedural History

Plaintiff filed an application for Supplemental Security Income ("SSI") on March 4, 2004. Plaintiff subsequently filed an application for Disability Insurance Benefits ("DIB") on April 1, 2004. Plaintiff's claims were initially denied and again upon reconsideration. Plaintiff subsequently requested a hearing before an Administrative Law Judge ("ALJ"). That hearing was held on March 6, 2007.

(1:08CV762)

On April 13, 2007, the ALJ issued a decision in which he found that Plaintiff was not disabled and, accordingly, not eligible for benefits. Following the ALJ's denial, the Appeals Council denied review making the ALJ's decision the Agency's final decision and prompting Plaintiff to timely appeal to this Court. Specifically, Plaintiff presented the following assignments of error:

> a. Whether the ALJ erred in improperly evaluating Plaintiff's pain;
>
> b. Whether the ALJ erred in improperly rejecting the opinions of Plaintiff's treating physicians; and
>
> c. Whether the ALJ erred in finding that Plaintiff retains the residual functional capacity to perform light work based on the aforementioned improper evaluation of pain and improper rejection of Plaintiff's treating physicians.

 *See* ECF No. 13.

### III. Standard of Review

Judicial review of the ALJ's decision denying disability benefits is limited to determining whether there is substantial evidence to support the denial decision and whether the ALJ properly applied relevant legal standards. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Substantial evidence is more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Under 42 U.S.C. § 405(g), the findings of the ALJ are conclusive if they are supported by substantial evidence.

In determining the existence of substantial evidence, the reviewing court must examine

(1:08CV762)

the administrative record as a whole. *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981); *Heston v. Comm'r of Soc. Sec.,* 245 F.3d 528, 535 (6th Cir. 2001). The ALJ's decision must be affirmed if it is supported by substantial evidence even if the reviewing court had decided the matter differently, and even if substantial evidence also supported a different conclusion. See *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). The substantial evidence standard presupposes that there is a "zone of choice" within which the Agency may proceed without interference from the courts. *Mullen,* 800 F.2d at 545 (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir.1984)). The district court may look into any evidence in the record, regardless of whether it has been cited by the ALJ. *Id.* The reviewing court, however, may not try the case *de novo*, resolve conflicts in the evidence, or decide questions of credibility. See *Brainard*, 889 F.2d at 681; *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

### IV. Law and Analysis

**A. The ALJ Improperly Evaluated Plaintiff's Pain**

    **1. Pain Analysis, Generally**

The Sixth Circuit has created a two-part test to evaluate subjective complaints of pain. See *Duncan v. Sec'y of Health & Human Servs*., 801 F.2d 847, 853 (6th Cir.1986). According to *Duncan*, the ALJ should initially determine "whether there is objective medical evidence of an underlying medical condition." *Id*. If so, then the ALJ determines "whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or . . . whether the objectively established medical condition is of such a severity that it can reasonably be expected

4

(1:08CV762)

to produce the alleged disabling pain." *Id.*

In describing how the Agency evaluates a claimant's pain symptoms, Title 20 C.F.R. § 416.929(c)(1) provides the following insight. If the medical signs or laboratory findings show that a claimant has a "medically determinable impairment that could reasonably be expected to produce" his or her symptoms, such as pain, then the ALJ evaluates the intensity and persistence of the claimant's symptoms to determine how the symptoms limit the claimant's capacity for work. In conducting such an evaluation, the ALJ considers objective medical evidence and other evidence. In particular, the ALJ may consider the claimant's history, the signs and laboratory findings, statements from the claimant, his or her treating or non-treating source, or other persons, and medical opinions. Furthermore, the ALJ may also consider the following seven factors as stated in 20 C.F.R. § 416.929(c)(3):

1. Daily activities;
2. Location, duration, frequency, and intensity of pain or other symptoms;
3. Precipitating and aggravating factors;
4. Type, dosage, effectiveness, and side effects of medication;
5. Treatment, other than medication;
6. Other measures used to relieve pain; and
7. Other factors relating to function limitations and restrictions.

It is worth noting that the ALJ is not required to analyze all seven factors but should make clear that he considered the relevant evidence. *See Cross v. Comm'r of Soc. Sec.*, 373 F. Supp.2d 724, 733 (N.D. Ohio 2005).

**2. The ALJ's Pain Analysis Lacks Specificity and Explanation**

The ALJ found that "claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the

5

(1:08CV762)

intensity, duration, and limiting effects of these symptoms are not entirely credible." (Tr. 20.) The ALJ's determination was informed by the conservative treatments Plaintiff had undergone. The ALJ noted (1) that Plaintiff has undergone no surgery, (2) that physical therapy and injections to the lumbar spine and shoulder were essentially effective, and (3) that Plaintiff did not complain that her prescribed pain medications were ineffective. (Tr. 20.)

Plaintiff asserts that the ALJ failed to properly evaluate Plaintiff's pain because the "ALJ's basis for apparently rejecting Plaintiff's pain complaints failed to comply with the above-outlined ruling and regulations and lacked the support of substantial evidence." ECF No. 13 at 16. Plaintiff claims that the ALJ must have meant that the "conservative treatments" were temporarily "essentially effective." ECF No. 13 at 15. Furthermore, Plaintiff stressed that the fact that surgery was not deemed prudent, should not "undermine the severity of her pain," and because Plaintiff's medications did not fully resolve her pain Plaintiff had to resort to other "measures as physical therapy, facet injections, ablation treatments, [and] epidural injections." *Id.* Plaintiff also points out that the Medical Expert testified at the hearing that Plaintiff's complaints of pain were credible, and many of Plaintiff's doctors over the years validated her complaints of pain. *Id.*

Defendant counters that "Plaintiff's allegation [sic] lack merit, because the ALJ gave good reasons for finding her disabling pain complaints were not fully credible. In particular, the ALJ found her less than fully credible, given her many normal objective clinical findings, as discussed above, and given that she had undergone conservative therapy consisting of physical therapy and pain medication injections, and the treatment regimen was essentially effective (Tr.

6

(1:08CV762)

20.)." ECF No 15 at 12. Defendant pointed out that (1) Plaintiff's physical therapist noted she was not fully complying with the prescribed physical therapy home exercise program (Tr. 297); (2) Plaintiff's treatment regimen was conservative (Tr. 257, 259); (3) Plaintiff's doctors noted on many occasions that she had a good pain relief response (Tr. 256, 257, 259, 294, 490, 492, 493, 495); (4) Dr. Knapic cleared Plaintiff for light duty activities only months after her alleged disability onset date (Tr. 256); and (5) although the Medical Expert testified he did not believe Plaintiff was malingering, he also testified that Plaintiff retained the capacity for light work and even if Plaintiff's pain complaints were credited she remained capable of at least sedentary work. (Tr. 539, 540, 536.) ECF No. 15 at 12-13.

The regulations governing decisions issued by ALJ's demand that the ALJ prepare a "written decision that explains in clear and understandable language the specific reason for the decision," and "the decision must be based on evidence offered at the hearing or otherwise included in the record." 20 C.F.R. § 416.1453(a); 20 C.F.R. § 405.371(a). The Court finds that the ALJ properly utilized evidence in the record to determine whether Plaintiff's subjective complaints of pain were credible, however, the ALJ did not explain with specificity the reasoning for his findings.

The ALJ's written decision was conclusory, non-explanatory and did not include important information that was elicited during the hearing. Specifically, the ALJ merely mentioned (without expounding upon) several of the seven factors. Despite having asked Plaintiff several questions regarding her daily activities at the hearing , the ALJ failed to mention limitations of Plaintiff's daily activities in his decision. (Tr. 526-27, 534.) The ALJ questioned

(1:08CV762)

Plaintiff about exercise programs she engaged in to help treat her fibromyalgia, but did not include any discussion of this matter in his opinion.[1]  (Tr. 532-33.)  Also, the ALJ made brief reference to Plaintiff's complaints of pain in his decision, but did not specifically discuss the frequency and intensity of such pain.  The mere mention of treatments, medication, and pain, does not compensate for the ALJ's inarticulate written decision.  (Tr. 20.)

As written, the ALJ's decision requires subsequent reviewers to intuit his reasons for finding Plaintiff's complaints "concerning the intensity, duration, and limiting effects of these symptoms [] not entirely credible."  (Tr. 20.)  The ALJ began on the right track with his analysis by stating that, "The claimant has undergone only conservative treatment for pain.  She has had no surgery.  Physical therapy and injections to lumbar spine and shoulder were essentially effective.  She did not complain that prescribed pain medications were ineffective."  (Tr. 20.)  The ALJ, for reasons unknown to the Court, ended his analysis there.

To make adequate findings, the ALJ "does not have to discuss every piece of evidence presented."  Miller v. Shalala, 8 F.3d 611, 613 (8th Cir. 1993).  The ALJ should, however, discuss some of the relevant evidence.  In this case, a subsequent reviewer has to comb through the record to figure out what the AlJ's conclusory statements mean and how they relate to

---

[1] The ALJ's consideration of the seven factors is crucial for a proper determination of Plaintiff's credibility with respect to her statements about the nature of her pain.  Due to the evasive nature of fibromyalgia, subjective pain complaints play an important role in the diagnosis and treatment of the condition, therefore determining and providing justification for discounting a claimant's statement assumes paramount importance.  Hurst v. Sec'y of Health & Human Servs., 753 F.2d 517, 519 (6th Cir. 1985).  For this reason, the seven factors listed in 20 C.F.R. § 416.929(c) are virtually the only means of corroborating allegations of pain.

8

(1:08CV762)

Plaintiff's complaints of pain. Combing through the record to find evidence to support an insufficiently written decision is not the job of the Court. *O'Connor v. Sullivan,* 936 F.2d 70, 73 (7th Cir. 1991) ("We have not authority to supply a ground for the agency's decision . . . and cannot rectify an error by playing administrative law judge.") Instead, the ALJ should have written a decision "that explains in clear and understandable language the specific reason for the decision."[2] 20 C.F.R. § 416.1453(a).

The Court finds the ALJ's explanation of why Plaintiff's complaints of pain are not entirely credible to be insufficient. Although it appears from the hearing and the medical history portion of the opinion (Tr. 17-19.) that the ALJ thoroughly examined the medical evidence within the record, he did not properly explain or analyze the evidence in his written decision.

**B. The ALJ Improperly Analyzed the Opinions of the Treating Physicians**

    **1. The Treating Physician Rule, Generally**

The treating physician rule is chief among the governing standards by which an ALJ must assess medical evidence in the Sixth Circuit. This rule requires an ALJ to give greater deference to the opinion of a treating physician than to those of non-treating physicians. *See* SSR 96-2p; 20 C.F.R. §404.1527(d)(2); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). Generally, the ALJ will only be bound by a treating physician's opinion when it is "well

---

    [2] The Agency's Counsel (*i.e.* "Defendant") well articulated the reasons why Plaintiff's complaints of pain should not be credited. ECF No. 15 at 12. The problem is that the Court cannot rewrite the ALJ's decision to include Defendant's reasons, nor can the Court view Defendant's pleadings as an extension of the ALJ's written decision. *Owens v. Heckler*, 748 f.2d 1511, 1516 (11th Cir. 1984) ("we decline, however, to affirm simply because some rationale might have supported the ALJ's conclusion [because] such an approach would not advance the ends or reasoned decision making.").

9

(1:08CV762)

supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in your case record." 20 C.F.R. § 404.1527(d); 20 C.F.R. §416.927(d).

The Sixth Circuit, however, has also maintained that the Secretary may properly reject the opinion of a treating physician where that opinion is not sufficiently supported by medical findings. Combs v. Commissioner, 459 F.3d 640, 652 (6th Cir. 2006) (en banc). In Bogle v. Sullivan, 998 F.2d 342, 347-348 (6th Cir. 1993), the Court held that the Secretary is required to give great weight to the opinion of a treating physician only if that opinion is supported by sufficient clinical findings and consistent with other evidence.

The ALJ must provide "good reasons" for discounting treating physicians' opinions. SSR 96-2p, 1996 WL 374188 at *5. The good reasons must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Id. The purpose of this procedural aspect of the treating physician rule is that it "let[s] claimants understand the disposition of their cases," and "ensures that the ALJ applied the treating physician rule and permits meaningful appellate review of the ALJ's application of the rule." Wilson, 378 F.3d at 544 (quoting Snell v. Apfel, 177 F.3d 128, 134 (2d Cir. 1999)).

When the treating physician's opinion is not controlling, the ALJ must consider several factors in determining how much weight is appropriate, including: (1) the length, frequency, nature, and extent of the treatment relationship; (2) the supportability and consistency of the physician's conclusions; (3) the specialization of the physician; and (4) any other relevant

10

(1:08CV762)

factors. *Id.* Notwithstanding its non-controlling status, there remains a rebuttable presumption that the opinion of a treating physician is entitled to great deference. SSR 96-2p, 1996 WL 374188 at *4.

Although the record before the Court includes opinions from various doctors, Plaintiff only contests the ALJ's treatment of the treating physicians' opinions, including: (1) Dr. Michael Rivera; (2) Dr. Tiffany Morris; (3) Dr. Michael Morris; and (4) Dr. Michael Knapic. Plaintiff contends that the ALJ failed to provide the requisite explanation or rationale for rejecting the treating physicians' opinions. ECF No. 13 at 18. Additionally, Plaintiff argues that the "ALJ's rationale and explanation lack the detail and thoroughness required by the regulations, rulings, and case law outlined above, and the error is not harmless because this Court is hampered by the lack of explanation and the rejected evidence could very well establish disability." *Id.* (*quoting Wilson*, 378 F.3d 541, 544).

In his decision denying benefits to Plaintiff, the ALJ opined that he gave "little weight to the treating physician's [sic] opinions for less than sedentary work since they are inconsistent with the medical record." (Tr. 20.) While the ALJ does not identify which specific opinions he discredits, he does cite a series of pages in the record which identifies the particular opinions in question.[3]

The ALJ's only proffered explanation for discrediting the opinions of Plaintiff's treating physicians is that they are inconsistent with the medical record. While the ALJ lays out a

---

[3] Defendant's argument mirrors the ALJ's minimal offering. ECF No. 15 at 10 -12.

11

(1:08CV762)

detailed summary of Plaintiff's medical history in his opinion, this summary is insufficient to identify the particular medical evidence with which the treating physicians' opinions are inconsistent. (Tr. 17-19.)

While the Court does not impose the lofty goal of a perfect opinion, it does require a logically consistent opinion. The Court, the plaintiff, nor any other subsequent reviewer should be required to approximate the specific medical evidence considered by the ALJ in rendering his decision. The ALJ's scant explanation simply does not provide the requisite "good reasons" required under the treating physician rule.

**C. Harmless Error Analysis**

The Sixth Circuit has found that the harmless-error rule applies in the Social Security context. *Masters v. Astrue,* 2008 WL 4082965, *3 (E.D. Ky. 2008), (*citing, Heston*, 245 F.3d at 535) (failure to explain weight given to treating physician is not reversible error where ALJ's opinion is nonetheless supported by substantial evidence and error was harmless); *cf Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541 ("a procedural error is not made harmless simply because [the aggrieved party] appears to have had little chance of success on the merits anyway."). Nonetheless, courts apply a harmless error analysis cautiously, taking care to avoid rewriting an ALJ's decision *post hoc* even when substantial evidence exists to support the ALJ's decision.

While a "deficiency in opinion-writing is not a sufficient reason to set aside an ALJ's finding where the deficiency [has] no practical effect on the outcome of the case," inaccuracies, incomplete analysis, and unresolved conflicts of evidence can serve as a basis for remand. *Reeder v. Apfel*, 214 F.3d 984, 988 (8th Cir. 2000).

(1:08CV762)

In the instant matter, the ALJ may have carefully considered the entire record in contemplating his decision and asked probative questions at the hearing, however, his careful consideration and the answers to the hearing questions were not articulated in his decision. His findings with regard to Plaintiff's subjective complaints of pain were conclusory with little explanation as to how and why Plaintiff's symptoms of pain were not entirely credible. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003) ("After noting that the ALJ has not provided sufficient explanation for discrediting the claimant's testimony regarding her right-hand impairment and thus the court could not "trace the path of his decision," the Lopez court remanded even though it noted evidence existed in the record to justify a rejection of claimant's credibility.").

Although the ALJ cites inconsistency with the medical record as a reason why he gives the treating physicians' opinions little weight, he fails to sufficiently explain that conclusory statement in his decision. *Wilson v. Comm'r of Social Sec.*, 378 F.3d 541, 546 (6th Cir. 2004) ("arose in a treating physician case with insufficient justifications given by the ALJ. It urges remand in most cases even where there is sufficient evidence in the record to uphold the ALJ decision and even when a different outcome on remand is unlikely.").

The Court finds that the ALJ erred when he failed to sufficiently analyze Plaintiff's complaints of pain in his written decision, and when he failed to sufficiently explain why he gave little weight to the treating physicians' opinions. These errors are not harmless, as a correction of the errors would require the Court to rewrite the ALJ's decision, and it is generally held that a federal court is not to rewrite an ALJ's decision *post hoc* even where it can find substantial

13

(1:08CV762)

evidence in the record to uphold the decision.

**D. Plaintiff's Residual Functional Capacity (RFC) to Perform Light Work Available in Significant Numbers**

Plaintiff claims that the "ALJ's finding that Plaintiff retains the residual functional capacity to perform light work available in significant numbers is not supported by substantial evidence." ECF No. 13 at 13. Plaintiff indicates that the light work RFC designation lacks substantial evidence because the ALJ erred in properly evaluating Plaintiff's pain and in properly evaluating the opinions of her treating physicians. ECF No. 13 at 1.

Defendant counters that when giving the Vocational Expert a hypothetical, the "ALJ reasonably credited only those restrictions supported by the record as a whole, and rejected those based on Plaintiff's unsupported allegations. *See Stanley v. Sec'y of Health & Human Servs*., 39 F. 3d 115, 118 (6th Cir. 1994)*," and further "Plaintiff has not raised any specific objections to the ALJ's vocational finding, and therefore has waived this issue. *See Young v. Sec'y of Health & Human Servs*., 925 F.2d 146, 149 (6th Cir 1990) (issues not raised in district court are waived.)." ECF. No. 15 at 14.

It appears from his response that Defendant believes Plaintiff is challenging whether or not there is a significant enough number of jobs and further whether the ALJ could properly accept or reject Plaintiff's allegations in his hypothetical to the Vocational Expert. After a review of Plaintiff's pleadings, the Court finds that Plaintiff is instead challenging whether the light work RFC is supported by substantial evidence. More to the point, Plaintiff is challenging the light work RFC because the ALJ determined the RFC based upon, what Plaintiff and the Court deem, improper evaluations of Plaintiff's pain and treating physicians' opinions.

14

(1:08CV762)

Because the ALJ improperly evaluated Plaintiff's complaints of pain and the opinions of her treating physicians, the RFC must be re-determined. *Young v. Barnhart*, 362, F.3d 995, 1002 (7th Cir. 2004) ("In making a RFC determination the ALJ is required to build an 'accurate and logical bridge from the evidence to his conclusion so that, as a reviewing court, we may assess the validity of the agency's ultimate findings and afford a claimant meaningful judicial review.' The ALJ has not sufficiently connected the dots between Young's impairments, supported by substantial evidence in the record, and the RFC finding.").

## V. Conclusion

For the reasons provided above, the Court finds that the ALJ incorrectly evaluated and articulated Blevens' complaints of pain and the weight to be given her treating physicians' opinions.  Accordingly, the Court recommends that the Agency's final decision be reversed and the matter remanded, pursuant to the Fourth Sentence of 42 U.S.C. § 405(g), with instructions that, upon remand, the ALJ properly evaluate and articulate the findings regarding Blevens' complaints of pain and the weight, if any, to be given to the opinions of her treating physicians in a manner consistent with this opinion, governing regulations and Sixth Circuit law.

Furthermore, given that the ALJ's assessment of Blevens' residual functional capacity is driven by his consideration of *all* of the relevant medical and other evidence, his residual functional capacity finding and its reliance in rendering the final Agency decision must be revisited.

The Court does not decide whether substantial evidence exists in the record upon which

(1:08CV762)

to award benefits.

      This matter is terminated on the docket of this Court.

|  |  |
|---|---|
| Dated: July 10, 2009 |   /s/ Benita Y. Pearson<br>United States Magistrate Judge |

## OBJECTIONS

      Objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See* United States v. Walters, 638 F.2d 947 (6th Cir. 1981). *See also* Thomas v. Arn, 474 U.S. 140 (1985), *reh'g denied,* 474 U.S. 1111 (1986).