**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


| | | |
|---|---|---|
| **LINDA S. BLEVENS,** | ) | **CASE NO.  1:08 CV 762** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| **COMMISSIONER OF SOCIAL SECURITY** | ) | **Magistrate Judge Pearson** |
| | ) | |
| **Defendant.** | ) | **MEMORANDUM OPINION** |


This matter is before the Court upon the Report and Recommendation of Magistrate

Judge Benita Y. Pearson (Document #16).  The Magistrate Judge found as follows:

> For the reasons provided above, the Court finds that the ALJ incorrectly evaluated and articulated Blevens' complaints of pain and the weight to be given her treating physicians' opinions. Accordingly, the Court recommends that the Agency's final decision be reversed and the matter remanded, pursuant to the Fourth Sentence of 42 U.S.C. § 405(g), with instructions that, upon remand, the ALJ properly evaluate and articulate the findings regarding Blevens' complaints of pain and the weight, if any, to be given to the opinions of her treating physicians in a manner consistent with this opinion, governing regulations and Sixth Circuit law.

> Furthermore, given that the ALJ's assessment of Blevens' residual functional capacity is driven by his consideration of *all* of the relevant medical and other evidence, his residual functional capacity finding and its reliance in rendering the final Agency decision must be revisited.

> The Court does not decide whether substantial evidence exists in the record upon which to award benefits.

No objections were filed to the Report and Recommendation.  On July 23, 2009, the

Commissioner filed a Response to the Report and Recommendation, stating that the

Commissioner will not file objections to the Report and Recommendation.  (Docket #17).

### Standard of Review for a Magistrate Judge's Report and Recommendation

The applicable standard of review for a magistrate judge's report and recommendation

depends upon whether objections were made to that report.  When objections are made to a

report and recommendation of a magistrate judge, the district court reviews the case de novo.

FED. R. CIV. P. 72(b) states:

> The district judge must determine de novo any part of the magistrate judge's
> disposition that has been properly objected to.  The district judge may accept,
> reject, or modify the recommended disposition; receive further evidence; or return
> the matter to the magistrate judge with instructions.

The text of Rule 72(b) addresses only the review of reports to which objections have

been made; it does not indicate the appropriate standard of review for those reports to which no

objections have been properly made.  The Advisory Committee on Civil Rules commented on a

district court's review of *unopposed* reports by magistrate judges.  In regard to subsection (b) of

Rule 72, the advisory committee stated:  "When no timely objection is filed, the court need only

satisfy itself that there is no clear error on the face of the record in order to accept the

recommendation."  FED. R. CIV. P. 72 advisory committee's notes (citation omitted).

The U.S. Supreme Court stated in *Thomas v. Arn*, 474 U.S. 140, 150 (1985):  "It does not

appear that Congress intended to require district court review of a magistrate judge's factual or

legal conclusions, under a de novo or any other standard, when neither party objects to those

findings."

The standard of review for a magistrate judge's report and recommendation is distinct

from the standard of review for the Commissioner of Social Security's decision regarding benefits.  Judicial review of the Commissioner's decision, as reflected in the decisions of the ALJ, is limited to whether the decision is supported by substantial evidence.  *See Smith v. Secretary of Health and Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989).  "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way."  *Casey v. Secretary of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993) (citation omitted).

### Conclusion

This Court has reviewed the Magistrate Judge's Report and Recommendation *de novo*. After careful evaluation of the record, this Court adopts the findings of fact and conclusions of law of the Magistrate Judge as its own.  This Court finds that Magistrate Judge Pearson properly recommended that the Commissioner's decision be reversed and this case remanded, pursuant to the Fourth Sentence of 42 U.S.C. § 405(g).  Upon remand, the Administrative Law Judge shall properly evaluate and articulate the findings regarding Blevens' complaints of pain and the weight, if any, to be given to the opinions of her treating physicians in a manner consistent with the discussion set forth in the Report and Recommendation, governing regulations, and Sixth Circuit Law.  Further, the ALJ will revisit his residual functional capacity finding and his reliance thereon in rendering his decision.

Accordingly, the Report and Recommendation of Magistrate Judge Pearson (Document # 16) is hereby ADOPTED and the decision of the Commissioner is hereby REVERSED and the case REMANDED for proceedings consistent with the findings described above.

IT IS SO ORDERED.

_s/ Donald C. Nugent_
DONALD C. NUGENT
United States District Judge

DATED: August 27, 2009